### PEOPLE v. HANNIGAN.

(*Common Pleas of New York City and County, General Term.* June 20, 1889.)

Motion to vacate judgment on forfeited recognizance.

Argued before ALLEN and BOOKSTAVER, JJ.

*John R. Fellow,* for the People. *Leopold Turk,* for defendant.

No opinion. Application granted.

---

### RICE, Appellant, v. MADOCK, Respondent.

(*Common Pleas of New York City and County, General Term.* June 20, 1889.)

Motion to open a default taken at general term.

Argued before ALLEN and BOOKSTAVER, JJ.

PER CURIAM. In this case the judgment of affirmance as by default will be opened, and the case set down for the next general term on the payment of $10 costs and the appellant giving respondent a bond to pay the amount of the judgment, should it be affirmed. If these conditions are not complied with in 10 days after service of an order to this effect on appellant's attorney, the judgment of affirmance will stand.

---

### TOHER, Respondent, v. BRAWLEY, Appellant.

(*Common Pleas of New York City and County, General Term.* June 27, 1889.)

Argued before VAN HOESEN and ALLEN, JJ.

*J. M. Wainwright,* for appellant. *J. K. Duffy,* for respondent.

PER CURIAM. Whether or not the pound-master was included in the words "those responsible for cattle," there is no doubt that Toher was responsible. The governor having issued a proclamation, it is presumed to continue in force until authoritatively revoked, no matter what individuals may think of the necessity for its continuance. It was the duty of Toher to get a permit before he moved the cattle. Had the pound-master delivered those cattle for the purpose of being moved, Toher not having obtained the necessary permit, the pound-master would have been responsible as a participant in a misdemeanor. Toher's removal of the cattle without obtaining a permit would have been a misdemeanor. Judgment reversed, and new trial ordered, costs to abide the event.